Filed 10/9/23  P. v. Love CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRISTAN MITCHELL LOVE,<br><br>    Defendant and Appellant. | A167396<br><br><br>(Solano County<br>Super. Ct. No. VCR227877) |

This appeal arises from the trial court's orders to revoke and terminate defendant Tristan Mitchell Love's probation and impose a previously suspended two-year sentence for a felony offense to which he pleaded no contest in 2016.  Defendant contends the trial court lacked jurisdiction to sentence him to prison because his probation terminated by operation of law before it was revoked with the passage of Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (hereinafter, Assembly Bill 1950), which amended former Penal Code[1] section 1203.1, effective January 1, 2021.  (Stats. 2020, ch. 328, § 2.) We agree.  Accordingly, we reverse these orders and sentence.  This matter is remanded to the trial court with directions to conduct further proceedings consistent with our opinion.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

We briefly summarize the relevant facts. On May 10, 2016, defendant pleaded no contest to the underlying offense of attempted pimping of a minor (§§ 664, 266h(b)(1)) in case No. SC15NF001929. The trial court placed defendant on probation for three years, subject to various terms and conditions, and imposed a 90-day jail sentence. In October 2016, this case was transferred to Solano County under case No. VCR227877 pursuant to section 1203.9.

Between 2017 and 2019, defendant committed three violations of probation for which his probation was revoked and then reinstated. On September 27, 2019, following his third violation, the trial court revoked probation and sentenced defendant to the upper term of three years but then suspended the sentence to permit him to participate in a substance abuse residential treatment program. Defendant was discharged from this program on November 25, 2019, after testing positive for drugs. He thereafter failed to report to the probation department, and on December 10, 2019, his probation was summarily revoked and a bench warrant issued. Defendant was eventually arrested on August 13, 2022.

During this time frame, the Legislature passed Assembly Bill 1950, amending former section 1203.1, subdivision (a).[2] Under this new law, effective January 1, 2021, the maximum probation term for many felonies, including defendant's, was reduced to two years. (Former § 1203.1, subd. (a); Stats. 2020, ch. 328, § 2.)

---

[2] Section 1203.1, subdivision (a), as amended, states in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine."

On September 21, 2022, defendant admitted a fourth probation violation arising from his November 2019 failure to complete the residential treatment program and maintain contact with probation. As such, on November 9, 2022, the trial court denied a further grant of probation and imposed the previously suspended three-year sentence. However, the court acknowledged it did not have all the relevant facts about defendant's offense and, therefore, scheduled another sentencing hearing and permitted the parties to submit further briefing.

Defendant subsequently invited the trial court to recall his sentence pursuant to sections 1170 and 1172.1, and the court agreed. On February 27, 2023, the court resentenced defendant to the two-year middle term after finding aggravating factors outweighed mitigating factors. This appeal followed.

## DISCUSSION

On appeal, defendant argues the trial court had no authority to revoke and terminate his probation and impose the previously suspended sentence because under former section 1203.1, subdivision (a), as amended by Assembly Bill 1950, his probationary term had already terminated. Thus far, appellate courts have unanimously held Assembly Bill 1950, as an ameliorative criminal statute, applies retroactively to cases, such as this one, that are not yet final. (*People v. Arreguin* (2022) 79 Cal.App.5th 787, 794; *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726, 729, review granted, June 1, 2022, S274000 (*Kuhnel*).)

As defendant points out, and the People concede, he had already served more than two years on probation when Assembly Bill 1950 went into effect on January 1, 2021. The parties further agree defendant had already served more than two years on probation when he admittedly committed the

3

probation violation that led the court to impose the two-year suspended sentence (to wit, his November 2019 discharge from residential treatment and failure to report to probation).[3] We conclude these facts require reversal. "[T]he only offenses exempt from the two-year felony probation term limit set forth in section 1203.1 are felonies listed in subdivision (c) of section 667.5, felonies that include specific probation terms within their provisions, and ' " 'white collar crimes' " ' involving property valued in excess of $25,000. [Citation.] [Defendant] committed none of these offenses. It would thus be counter to the Legislature's purpose in enacting Assembly Bill 1950 if [he] were to face felony consequences for any probation violation that occurs after [he] successfully completes two years of probation. (Cf. [*People v.*] *Quinn* [(2021)] 59 Cal.App.5th [874,] 880 [purpose of Assem. Bill 1950 is to ' " 'reduc[e] the number of people on probation returning to incarceration' " '].)" (*People v. Saxton* (2021) 68 Cal.App.5th 428, 433; see *People v. Canedos* (2022) 77 Cal.App.5th 469, 474, review granted, June 29, 2022, S274244 ["Under [Assembly Bill 1950], Canedos's probation expired in 2018, more than a year before he committed the violation. Thus, the court no longer had the authority to revoke [his] probation and sentence him to prison"]; cf. *Kuhnel, supra*, 75 Cal.App.5th at pp. 735–736, rev.gr. [retroactive relief under Assembly Bill 1950 unavailable where "[defendant's] first

_____

[3] On September 26, 2023, we asked the parties for supplemental briefing on the following issue: Had defendant served more than two years of probation for the underlying offense when Assembly Bill 1950 took effect on January 1, 2021, notwithstanding the time period during which defendant absconded from probation beginning in April 2019? In this briefing, the parties agreed defendant served over two years on probation between May 10, 2016, and March 29, 2019. However, defendant contended that he served a total of 925 days while the People contended he served 821 days.

probationary year had not yet expired when [she] allegedly violated probation in 2017," before the effective date of Assembly Bill 1950].)[4]

Thus, based on the retroactive benefit afforded by Assembly Bill 1950, we agree with defendant the trial court lacked authority on September 21, 2022, to revoke and terminate his already successfully completed probation and impose a suspended sentence. As our First Appellate District, Division Four, colleagues recently explained: "A central purpose of [Assembly Bill 1950] was . . . to help probationers avoid reimprisonment, especially for technical violations, and to prevent probation from serving as a pipeline for reentry to prison. We further that aim by holding that the bill's retroactive application to existing probationary terms bars a court from treating conduct that occurred after the end of a modified term as a violation warranting revocation and possible reincarceration." (*People v. Jackson* (2023) 93 Cal.App.5th 207, 216–217, review granted, Sept. 13, 2023, S281267; accord, *Kuhnel, supra,* 75 Cal.App.5th at pp. 733–734, rev.gr. [" ' "[a]n order revoking probation must be made within the period of time circumscribed in the order of probation. Otherwise, the probationary period terminates automatically on the last day" ' "].) Under this reasoning, defendant has successfully

---

[4] We respectfully disagree with *People v. Faial* (2022) 75 Cal.App.5th 738, review granted May 18, 2021, S273840, to the extent it holds that retroactive relief under Assembly Bill 1950 is not available to a defendant, such as ours, who committed a probation violation before the new law became effective but after successfully completing the maximum probation term under the new law. As our Second Appellate District colleagues explained in disagreeing with *Faial*'s analysis, "Assembly Bill No. 1950 does not 'obliterate' a defendant's [criminal accountability]. It simply shortens the maximum time during which a defendant may be required to obey terms of probation or punished for violating those terms. Indeed, as the court in *Faial* acknowledged, this was the purpose of the law as indicated in the legislative history." (*People v. Canedos, supra,* 77 Cal.App.5th at p. 479, rev.gr.)

completed his modified two-year probationary term and is entitled to be discharged from custody.

## DISPOSITION

The orders to terminate defendant's probation as unsuccessful and resentence him to two years in prison are reversed. We remand this matter to the trial court with directions to (1) vacate the orders revoking and terminating defendant's probation and imposing his previously suspended sentence; (2) enter an order modifying the term of defendant's probation imposed on May 10, 2016, to two years, in accordance with section 1203.1, subdivision (a), as amended by Assembly Bill 1950, reinstating the probation, and successfully terminating it as of the date that defendant's modified two-year probationary term ended.

_____
Jackson, P. J.

WE CONCUR:

_____
Burns, J.

_____
Chou, J.

A167396/*People v. Tristan Mitchell Love*